UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Freddy Spann,<br><br>    PLAINTIFF<br><br>  v.<br><br>Gov. Henry McMaster; Mental Health Der Clinic,<br><br>    DEFENDANTS | Case No. 3:24-cv-02345-JFA<br><br>**ORDER** |

    Plaintiff Freddy Spann, ("Plaintiff"), proceeding *pro se* and *in forma pauperis*, filed this civil action against the above-named defendants. ECF No. 1. Plaintiff's complaint was referred, pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2) (D.S.C.), to United States Magistrate Judge Paige Gossett.[1] It now comes before this Court for review of the Report and Recommendation ("Report") filed by the Magistrate Judge. ECF No. 10. It recommends that the Complaint be summarily dismissed without prejudice and without issuance and service of process. ECF No. 10 at 3. Plaintiff was advised of his right to object to the Report, which was entered on the docket on December 12, 2023. *Id* at 4. The Magistrate Judge required Plaintiff to file objections by June 3, 2024. Plaintiff has not filed objections to the Report. Thus, this matter is ripe for review.

    After Plaintiff failed to respond, the Magistrate Judge prepared a thorough Report

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.). The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976).

and Recommendation. Within the Report, the Magistrate Judge opines that 28 U.S.C. § 1915, which enables an indigent litigant to commence an action in federal court without prepaying administrative costs, permits a district court to dismiss a case upon a finding that the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

In the case at bar, Plaintiff has failed to make a sufficiently short and plain statement of the grounds for the Court's jurisdiction, a claim showing that the pleader is entitled to relief, or the demand for the relief sought. In short, Plaintiff has failed to clear the low procedural bar established by Federal Rule of Civil Procedure 8. Plaintiff's complaint scarcely includes basic information about Plaintiff and is, at times, incoherent. Plaintiff makes no effort to explain the nature of the allegations against the defendants. Plaintiff also fails to outline what relief he seeks or a legal basis upon which it may be provided. Thus, the Court concludes that the complaint filed by Plaintiff is insufficient to form the basis for a lawsuit or that the Court has jurisdiction over the litigation.

The Court is charged with conducting a *de novo* review of any portion of the magistrate judge's Report and Recommendation to which a specific objection is registered, and may accept, reject, or modify, in whole or in part, the recommendations contained in that report. 28 U.S.C. § 636. In conducting its review, the Court applies the following standard:

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections.... The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility

for the final determination. The Court is required to make a *de novo* determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the report and recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

*Wallace v. Housing Auth. of the City of Columbia*, 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted). Here, Plaintiff has failed to raise any objections and therefore this Court is not required to give an explanation for adopting the recommendation. A review of the Report and prior orders indicates that the Magistrate Judge correctly concluded that Plaintiff's Complaint is subject to summary dismissal.

In light of the standard set forth in *Wallace*, the Court has carefully reviewed the Report, Defendants' Complaint, and other relevant filings. Accordingly, this Court adopts the Magistrate Judge's Report and Recommendation and incorporates it herein by reference. For the reasons stated by the Magistrate Judge, the Report, ECF No. 10, is **ACCEPTED**. Plaintiff's claims against Defendants Governor Henry McMaster and Mental Health Der Clinic are **DISMISSED WITHOUT PREJUDICE.**

**IT IS SO ORDERED.**

July 16, 2024  
Columbia, South Carolina

Joseph F. Anderson, Jr.  
United States District Judge